OPINION
{¶ 1} Defendant Perry L. Bell appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing appellant for four counts of trafficking in cocaine in violation of R.C. 2925.03, after a jury found him guilty. Appellant assigns two errors to the trial court:
 {¶ 2} "WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION IN ADMITTING HIGHLY PREJUDICIAL AND IMPROPER TESTIMONY REGARDING MR. BELL'S PAST AS A CONFIDENTIAL INFORMANT.
 {¶ 3} "WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPOSING CONSECUTIVE SENTENCE IN CONTRAVENTION OF O.R.C. 2929.14"
 {¶ 4} At trial, the State of Ohio presented evidence the Alliance Police Department used a confidential informant to buy crack cocaine from appellant on four different occasions. Each time the confidential informant participated in the transactions, she wore a microphone and the police made recordings of the drug buys.
 {¶ 5} Detective Scott Griffith of the Alliance Police Department testified the confidential informant cooperated with police in the drug buys in return for not prosecuting her for permitting drug trafficking in her home. Lieutenant Griffith testified the police used people who had been in trouble with the law as confidential informants because the police officers become well known to the drug community, even if they work under cover. Lieutenant Griffith described the procedures involved in using the confidential informant.
 {¶ 6} The State played the audio tapes for the jury, and Lieutenant Griffith identified the confidential informant and appellant on each of the tapes. On direct, the detective testified he had spoken with appellant about one hundred times, and was very familiar with appellant's voice.
 {¶ 7} On cross examination, defense counsel asked Lieutenant Griffith if, on the one hundred occasions he had heard appellant's voice, he had ever tape recorded appellant's voice. Lieutenant Griffith testified he had never heard appellant's recorded voice prior to the drug buys at issue at trial. Lieutenant Griffith conceded he had no pre-recorded tape recordings with which to compare appellant's voice.
 {¶ 8} On re-cross, the State moved for permission to bring out the fact appellant had once worked as a confidential informant himself. Over defense objection, the court permitted Lieutenant Griffith to testify appellant had worked as a confidential informant for the Alliance Police Department although his voice had not been tape recorded at that time.
 I {¶ 9} In his first assignment of error, appellant argues the trial court should not have permitted Lieutenant Griffith to testify appellant had previously been a confidential informant. As part of the case in chief, Lieutenant Griffith had already testified confidential informants were persons who had agreed to work with the police in return for charges against them being dropped. Appellant argues when the court permitted Lieutenant Griffith to testify appellant had previously worked as a confidential informant, the jury was immediately on notice appellant had been arrested for drugs in the past. Appellant urges this is evidence of prior criminal acts improperly introduced in violation of Evid.R. 404(B).
 {¶ 10} Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In State v. Broom (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, the Supreme Court held in addition to those reasons listed in the Rule, evidence of other bad acts may be admissible to prove identity. However, because Evid.R. 404(B), and R.C. 2945. 59, codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict, Broom, syllabus by the court, paragraph 1.
 {¶ 11} Appellant's defense at trial was mistaken identity. Appellant argued the confidential informant may have in fact made four drug buys, but he was not the person who sold the drugs to her.
 {¶ 12} The trial court conducted an extensive dialogue with counsel before permitting the State the elicit the testimony about appellant's prior confidential informant status. The trial court ruled appellant had opened the door for the State to introduce the fact appellant had previously worked for the police as a confidential informant, and thus, the police were familiar with him. Defense counsel maintained he had specifically limited his cross-examination to the officer's familiarity with tape recordings of appellant's voice. The court responded although appellant had opened the door, the court would not allow specific questions about his past dealings with the police department. However, the court ruled the prosecution could inquire about the detective's familiarity with appellant's voice by virtue of appellant's cooperation with the police department. Thereupon, on re-direct, the officer testified he believed he may have heard a pre-recorded tape of appellant although he also believed appellant's voice had not been recorded over a body wire on any case wherein he acted as a confidential informant.
 {¶ 13} Thereafter, the court conducted another side bar, wherein he offered to give the jury a limiting instruction. Defense counsel informed the court that rather than requesting a limiting instruction, defense counsel wished to re-cross Lieutenant Griffith.
 {¶ 14} In State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044,781 N.E.2d 88, the Ohio Supreme Court held the admission of evidence is addressed to the broad discretion of the trial court, and a reviewing court shall not disturb evidentiary decisions in the absence of abuse of discretion resulting in material prejudice. The Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Statev. Adams (1980), 62 Ohio St.2d 151.
 {¶ 15} Our review of the record leads us to conclude the trial court was well aware of the possible prejudice to appellant in admitting this evidence. This evidential ruling was a "close call", but the trial court very cautiously restricted the testimony in order to limit it as far as possible to the issue the defense counsel had raised, namely, the detective's familiarity with appellant's voice.
 {¶ 16} We find this evidence was relevant and appropriate to prove identity.
 {¶ 17} The first assignment of error is overruled.
 II {¶ 18} In his second assignment of error, appellant argues the trial court should not have sentenced appellant to consecutive sentences for each of the four counts of trafficking.
 {¶ 19} R.C. 2929.14 addresses consecutive sentencing guidelines. The statute permits consecutive prison terms if the court finds a consecutive service is necessary to protect the public from future crime or punish the offender, and that the consecutive sentencing is not disportionate to the seriousness of the conduct and the danger the offender poses to the public. The court must also find either that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, or while under post-release control; or at least two of the multiple offenses were part of a course of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual no one single term for any of the offenses committed adequately reflects the seriousness of the offender's conduct; or the offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 20} At the sentencing hearing, the court conducted an extensive review of appellant's criminal history, enumerating appellant's various convictions, and discussing them with appellant. The court found the shortest prison term possible would demean the seriousness of the offenses and would not adequately protect the public, and also found the crimes were separate and distinct, committed on separate dates with a separate and distinct animus.
 {¶ 21} The court found consecutive sentences were necessary, and not disportionate to the seriousness of the conduct or the danger appellant poses to the public. The court cited appellant's criminal history as another rationale for consecutive sentences.
 {¶ 22} In State v. Comer, 2003-Ohio-4165, the Ohio Supreme Court found when a Ohio judge imposes a non-minimum sentence for a first offense, or sentences an offender to consecutive rather than concurrent prison terms for multiple convictions, the statutorily required legal findings supporting the sentencing decisions must be announced orally in court at the time the sentence is pronounced. If the judge's sentencing to consecutive sentences, the judge must also orally state at the sentencing hearing its reason for making the terms consecutive.
 {¶ 23} We have reviewed the sentencing hearing, and we find the trial court complied with the requirements of the Revised Code, and Statev. Comer, even though the sentencing hearing was held prior to the announcement of the court's decision in Comer.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.